■ In the Matter of the Claim of ALFRED EDWARDS, Respondent, against GREAT LAKES COLOR PRINTING COMPANY et al., Appellants and METZGER CONSTRUCTION COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Great Lakes Color Printing Company and its carrier appeal from a decision of the Workmen's Compensation Board which determined that claimant sustained an accidental injury in the nature of a recurrent bilateral inguinal hernia while in the employ of Great Lakes, and charged 50% of awards for disability after October 6, 1955 to appellants and the other 50% to a previous employer and carrier. Claimant was accidentally injured on May 24, 1951 while in the employ of Metzger Construction Company. He suffered a fractured pubis and a bilateral inguinal hernia. Several operations for the repair of the original and recurrent herniae were performed, the last in January, 1955. On June 6, 1955, claimant went to work for Great Lakes, appellant-employer, as a janitor. As a part of his duties he was required to collect waste paper, place it in a baler, and compress it into bales by means of exerting pressure upon a lever. On October 6, 1955, claimant stopped work because of disability due to recurrence of a right hernia. He filed a claim for compensation against Great Lakes on October 22, 1955, in which he stated: "While working, compressing paper into bales, developed a recurrence of old repaired rt. hernia." He gave the date of the accident as October 6, 1955. Claimant attached a rider to his claim in which he stated in substance, that he felt the recurrence was due to the old accident while in the employ of Metzger, because he had continual trouble since that time and that he was filing the claim against Great Lakes because a doctor told him this hernia was due to his work at Great Lakes. However, the claimant's opinion or claim as to the cause of his disability is not necessarily controlling. (*Matter of Daniels* v. *Costick & Son,* 4 A D 2d 896.) The record contains a report of the attending

physician dated May 2, 1955, which discharged claimant from further treatment, reported no permanent injury, no evidence of recurrence of the herniae, and that patient was able to resume usual work. There is unrefuted testimony, given when claimant was present, that claimant gave a history to physicians that the bulge got progressively larger while working at Great Lakes, culminating in his inability to work on October 6, 1955. While there is conflicting medical testimony as to causal relation, the record contains unequivocal medical opinion that the recurrence was due to the work at Great Lakes. It may not be said as a matter of law that there is no substantial evidence to sustain the board's decision. Decision unanimously affirmed, with costs to respondent-carrier against appellants. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.